**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

RAUL ANGEL LOPEZ GALVAN,      )
                                    )
          Petitioner,          )
                                    )
-vs-                             )
                                    )   NO. CIV-26-0943-HE
FRED FIGUEROA, Warden of the     )
Diamondback Correctional Facility, in  )
his official capacity, et al.,        )
                                    )
         Respondents.      )

## **ORDER**

Petitioner Raul Angel Lopez Galvan seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition and record, petitioner is a native and citizen of Mexico who has resided in the United States since approximately 2009. On approximately October 28, 2025, ICE took petitioner into custody. He was then placed into removal proceedings through issuance of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. According to the habeas petition, petitioner is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma.

In the habeas petition, petitioner claims his detention violates the INA and the Fifth Amendment due process clause.  Petitioner requests his release, or alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a).  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper and request the court to deny the § 2241 petition.

The court concludes the habeas petition should be granted in part. Respondents acknowledge the "members of this Court have established their respective positions on the [detention] issue" and state "[j]udicial economy and Rule 1 are not furthered [] by re-litigation of the same points."  [Doc. #10, ECF p. 2].  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), that 8 U.S.C. § 1226(a) governs detention under similar circumstances as those presented here. The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues

to follow similar rulings by the judges in this district[1] and the Courts of Appeals in Lopez-Campos v. Raycraft, 175 F.4th 713, 719-32 (6th Cir. 2026); Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258, 1261-85 (11th Cir. 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 70-96 (2d Cir. 2026), among others.

Because § 1226(a) governs petitioner's detention,[2] the court concludes that he is entitled to an individualized bond hearing.[3]  The court will therefore grant the habeas

---

[1] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

[2] The Executive Office for Immigration Review's data portal providing Automated Case Information, of which the court takes judicial notice, indicates that on May 13, 2026, the immigration judge ordered petitioner's removal.  Petitioner's appeal of that decision is currently pending.  See A 234-990-934, https://acis.eoir.justice.gov/en/caseInformation (Last visited June 15, 2026).  Once a decision to remove an alien becomes "administratively final", it triggers, per 8 U.S.C. § 1231, a removal period during which the alien must be detained.  See Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021).  The removal order involved here is not yet final.

[3] The court acknowledges that petitioner previously filed a § 2241 petition in the Northern District of Texas, challenging his detention under § 1225(b)(2)(A), which was denied.  The ruling was based on the Fifth Circuit's decision in Buenrostro-Mendez v. Bondi.  See [Doc. #6]. Upon transfer to Diamondback Correctional Facility, petitioner filed this § 2241 action.  Section 2244(a) of Title 28 of the United States Code does not bar petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention "pursuant to a judgment of a court of the United States", and petitioner's detention is not pursuant to such a judgment.  See Ackerman v. Novak, 483 F.3d 647, 650 (10th Cir. 2007) (citing Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)).  While the abuse of the writ doctrine might apply, the government has failed to plead it, despite petitioner's notice of the related case.  See Stanko v. Davis, 617 F.3d 1262, 1271 (10th Cir. 2010) (government bears initial burden of pleading abuse of the writ).  The court therefore need not address the issue.

3

petition in part[4] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 17th day of June, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's Fifth Amendment due process claim.*